**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID F. PETRANO,** and
**MARY KATHERINE DAY-PETRANO,**

　　Plaintiffs,
vs.　　　　　　　　　　　　　　　　　　　　　**Case No. 8:05-CV-1182-T-27EAJ**

**THERON HUTTO,**

　　Defendant.
_____ /

**REPORT AND RECOMMENDATION**

Plaintiff David Frank Petrano's **Motion for Leave to Proceed In Forma Pauperis** (Dkt. 2) and Plaintiff Mary Katherine Day-Petrano's accompanying **Affidavit of Indigency** (Dkt. 3) are before the court.[1] Also, Plaintiffs have filed a copy of a letter dated July 24, 1996, from the Office of the Clerk of the Supreme Court of the United States, which Plaintiffs contend has a bearing on the issues presented in their motion (Dkt. 9).[2]

---

[1] The district judge referred Plaintiff's motion to the undersigned for disposition on August 2, 2005 (Dkt. 8). The proposed ruling is being submitted as a report and recommendation because it would dispose of the case if the recommendation were accepted by the district judge.

[2] This letter, Plaintiffs contend, represents a determination by that court that their "Title II ADA reasonable accommodations claims" have merit. Plaintiffs misconstrue the letter. It indicates merely that Plaintiffs' petition for writ of certiorari was docketed (Dkt. 9, Ex. A). Plaintiffs also have filed a letter from the Florida Supreme Court and two orders entered in Florida state court in separate cases (Dkt. 9, Ex. B-D). A state court's determination as to Ms. Petrano's insolvency does not bind this court.

The in forma pauperis statute, 28 U.S.C. § 1915, permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989)[3]; see also Battle v. Cent. State Hosp., 898 F.2d 126, 127 (11th Cir. 1990).

The Eleventh Circuit has emphasized, however, that the "pauper's affidavit should not be a broad highway into the federal courts." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). A trial court, therefore, has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004). "'This is especially true in civil cases for damages, wherein courts should grant the privilege sparingly.'" Martinez, 364 F.3d at 1306, quoting Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975).

---

[3] Neitzke was decided under a previous version of the in forma pauperis statute and discusses the distinction between dismissing a cause of action on frivolousness grounds and dismissing a case under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. 490 U.S. at 325. However, in 1995 Congress amended the statute to mandate dismissals for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Eleventh Circuit applies Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1489-1490 (11th Cir. 1997).

In drafting the in forma pauperis statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at 324. To prevent abusive litigation, the statute requires the court to dismiss a case if it determines that the allegation of poverty is untrue or if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). A court also must dismiss a case if it "fails to state a claim on which relief may be granted." Id.

Upon consideration, the court recommends that Plaintiffs' motion should be denied and Plaintiffs' Complaint dismissed. Not only have Plaintiffs failed to demonstrate their indigence, but the action is also frivolous.

**I.   Evaluation of Plaintiffs' Indigence**

A litigant need not be absolutely destitute to qualify for indigence status under § 1915. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Martinez, 364 F.3d at 1307. A litigant's affidavit of indigence "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs and to support and provide necessities for himself and his dependents." Martinez, 364 F.3d at 1307. If the plaintiff's affidavit is sufficient on its face to demonstrate economic eligibility, "then the court should first docket

the case and then proceed to the question . . . of whether the asserted claim is frivolous or malicious." Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976).

In this case, Plaintiffs, either individually or as a marital unit, received approximately $3000.00 in Federal Emergency Management Agency ("FEMA") Hurricane Disaster Assistance for the period of October through December 2004 (Dkt. 3). Ms. Petrano's affidavit states that they have sufficient resources to pay $250.00 in rent every month (Id.). On these facts alone it appears Plaintiffs have sufficient financial resources to maintain this action.[4] See e.g. U.S. v. Scharf, 354 F.Supp. 450, 453 (E.D. Pa. 1973) (denying a prisoner's in forma pauperis motion and holding that prisoner was not indigent because he had $60.00 in a bank account and was bequeathed $1,000.00 from his grandfather).

In addition, Plaintiffs have significant earning potential. Mr. Petrano is a self-employed attorney licensed in Florida, and Mrs. Petrano serves as his law clerk. She has previously stated in open court or court filings that she is a law school graduate and a bar applicant. Although Ms. Petrano's affidavit states that her husband's law practice generates no income due to the hurricanes of 2004, Plaintiffs do not explain this further. In fact, in November

---

[4] Plaintiffs list their expenses as including $20,000 in medical bills and payments on a horse trailer (Dkt. 3). However, as discussed infra, Plaintiffs have the potential to earn significant income to defray these financial expenses.

4

of 2004, Mr. Petrano filed an affidavit of indigency in <u>Petrano v. U.S. Department of Education</u>, 04-CV-2478, a case in the Middle District of Florida in which Mr. Petrano appeared <u>pro se</u>, stating that his law practice generated $2100.00 of income in August of 2004 (04-CV-2478, Dkt. 3).[5] Plaintiffs offer no explanation as to why Mr. Petrano's practice could not continue to make money for his family. The court can only surmise that Plaintiffs spend most of their time tending to the multiple cases they have filed in which they appear <u>pro se</u>, as this order discusses.

A court may evaluate a movant's skills and ability to earn an income when considering whether to grant an <u>in forma pauperis</u> motion. See <u>In re Fromal</u>, 151 B.R. 733, 735 (E.D. Va. 1993) (denying <u>in forma pauperis</u> motion of unemployed C.P.A. with limited liquid assets and some real estate holdings because "she has offered no reason why she cannot use her accounting skills to obtain gainful employment"); <u>Roberts v. I-T-E Circuit Breaker Co.</u>, 316 F.Supp. 133, 134 (D. Minn. 1970) (stating that "the court should consider an applicant's earning capacity and ability, even though at the moment applicant may not be employed and thus may have no current earnings").[6]

---

[5] The district judge in <u>Petrano v. U.S. Dep't of Educ.</u>, denied Mr. Petrano's request to proceed on appeal <u>in forma pauperis</u> due to the frivolousness of the claims Mr. Petrano asserted (04-CV-2478, Dkt. 9).

[6] In <u>Ali v. City of Clearwater</u>, 1995 WL 708654 at * 2 (M.D. Fla. 1995), Hon. Elizabeth A. Kovachevich distinguished <u>Roberts</u>. The court in <u>Ali</u> dismissed the plaintiff's case without prejudice, with re-filing conditioned upon the payment of costs of the initial

It is undisputed that Mr. Petrano is a member of the Florida bar and Ms. Petrano provides legal assistance to him and also represents herself pro se. In fact, as Judge Whittemore recently observed in the case of Petrano v. The Vessel Mistress, et. al., 04-CV-2534, an admiralty case before the court in which Plaintiffs appear pro se:

> Notwithstanding Plaintiff's medical condition, she has, together with her co-plaintiff husband, an attorney licensed to practice in Florida, demonstrated an ability to advocate in writing in a timely manner and in accordance with the formatting and page limitations of the Local Rules. Transcripts of the hearing before the Magistrate Judge demonstrate their ability to advocate orally as well.

(04-CV-2534, Dkt. 171).

Finally, in the admiralty case and other cases, Plaintiffs have demonstrated their ability to file numerous legal briefs and motions, many of which contain multiple pages and exhibits.[7] Plaintiffs' ability to produce this amount of paperwork is indicative of the fact that they have financial resources available to fund the myriad litigation. See Assaad-Faltas v. Univ. of S. Carolina, 971 F.Supp. 985, 988 (D.S.C. 1997) (revoking plaintiff's in forma pauperis status upon discovering that plaintiff had received financial support from

---

action. Id. at * 1. In violation of this order, Ali filed a second complaint on the same set of facts without paying the costs of the first suit. Id. The defendant filed a motion to dismiss the second action, citing Roberts. Id. The court distinguished Roberts because it involved an in forma pauperis request, not the imposition of costs as a condition for refiling a claim. Id. at * 2. The distinction emphasized in Ali does not apply in this case.

[7] See footnotes 3,7.

relatives and filed and vigorously litigated cases across the country with access to a car, a telephone, a fax machine, and a computer to assist her). While Plaintiffs are certainly entitled to pursue these actions, their ability to do so belies their allegations of indigence. Id.

Thus, Plaintiffs are not indigent within the meaning of 28 U.S.C. § 1915. On this basis alone, the court recommends denying Plaintiffs' request to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2)(A).

**II.  Evaluation of Frivolousness of Plaintiffs' Claims**

A frivolous claim is one that lacks an arguable basis in law or in fact. Neitzke, 490 U.S. at 325; Battle, 898 F.2d at 129. "Factual allegations are frivolous when they are 'clearly baseless'; legal theories are frivolous when they are 'indisputably meritless.'" Battle, 898 F.2d at 129, quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990). Further, in determining frivolousness, a court may consider a litigant's history of bringing unmeritorious litigation. Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001), cert. denied, 534 U.S. 1044 (2001).

Plaintiffs' Complaint alleges that Defendant (1) violated Title III of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et. seq.; (2) violated Fla. Stat. Ann. § 415.1111, which grants "vulnerable adults" a cause of action for abuse, neglect, or exploitation; (3) committed fraud in the inducement; and (4) breached

7

his fiduciary duties as substitute custodian of the Vessel Mistress, the vessel Plaintiffs have caused to be arrested pursuant to 28 U.S.C. § 1333 in <u>Petrano v. The Vessel Mistress, et. al.</u>  Plaintiffs seek compensatory and punitive damages and costs and attorneys' fees from Defendant.

Plaintiffs' ADA claim against Defendant states that Defendant was the captain of the Mistress, a vessel docked adjacent to Plaintiffs' sailboat home.  According to Plaintiffs, during one heavy storm in November of 2002, the Mistress collided with the dock between the two vessels as Ms. Petrano was attempting to board Plaintiffs' sailboat, and Ms. Petrano lost her balance and fell (Dkt. 1 at 5).  Upon informing Defendant of the incident, Plaintiffs allege, Defendant threatened them and did nothing to tie the Mistress more securely during heavy storms.

Plaintiffs assert that at one point Defendant blocked the dock between their boats with rolls of carpet (<u>Id.</u> at 6).  After confronting Defendant again, Plaintiffs aver that Defendant retaliated against them by convincing his friends to attempt to board Plaintiffs' sailboat under the cover of darkness (<u>Id.</u> at 7).  Plaintiffs also claim that Defendant placed an electrical line under their dock after a hurricane.

Finally, Plaintiffs allege that Defendant retaliated against them under the ADA when he perjured himself in <u>Petrano v. The Vessel Mistress, et. al.</u>, put the Mistress up for sale, and induced the

undersigned to appoint a substitute custodian to "intentionally delay and recklessly increase the costs and expenses of Plaintiffs' meritorious salvage claim." (Dkt. 1 at 10)

Plaintiffs' Complaint is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) because Plaintiffs' claims do not have an arguable basis in law or in fact.

First, the only cause of action over which this court has original jurisdiction is Plaintiffs' claim under Title III of the ADA, and this claim is frivolous.[8]  Title III of the ADA applies to discrimination by private entities that operate public accommodations, as defined by the statute.  42 U.S.C. § 12182(a).  The statute lists 12 categories of establishments that are defined as "public accommodations."  42 U.S.C. § 12181(7).

Although the Eleventh Circuit recognizes that areas of commercial, passenger vessels which serve the public must comply with Title III's general rule prohibiting discrimination on the basis of disability, only those portions of the vessel that come within the statutory definition of "public accommodation" are subject to regulation by Title III.  <u>Assoc. for Disabled Americans v. Concorde Gaming Corp.</u>, 158 F.Supp.2d 1353, 1360 (S.D. Fla. 2001).  Other parts of the ship might not constitute "public accommodations."  <u>Id.</u>

---

[8] Plaintiffs' remaining claims allege state law causes of action under Florida law.  Although the marine salvage action that precipitated this case is before this court as an admiralty action pursuant to 28 U.S.C. § 1333(1), the claims Plaintiffs assert against Defendant in this case are not admiralty causes of action.

In this case, Plaintiffs have not alleged any facts that would lead the court to conclude that the vessel at issue is anything but a private vessel belonging to a private individual for his private, personal use. The vessel is not held open to the public and therefore no portion of the vessel constitutes a "public accommodation" within the meaning of the ADA. Similarly, despite Plaintiffs' apparent contention, the private dock to which the vessel was moored is not considered a public accommodation under the statute. See 42 U.S.C. § 12181(7).

Second, Plaintiffs aver that they are entitled to $3,500,000.00 in compensatory damages for Defendant's alleged violations of the "public accommodations" provision and for Defendant's retaliation against Plaintiffs in violation of the ADA (Dkt. 1 at 10). It is well-settled, however, that monetary damages are unavailable to private litigants suing under these provisions; injunctive relief is the appropriate remedy. 42 U.S.C. § 12188; Sabbrese v. Lowe's Home Ctrs., Inc., 320 F.Supp.2d 311 (W.D. Pa. 2004); Assoc. For Disabled Americans, 158 F.Supp.2d at 1359.

Finally, Plaintiffs have a long history of filing non-meritorious litigation in this judicial district. The court is aware of at least six in forma pauperis requests of Plaintiffs that have been denied by judges in the Middle District of Florida due to the frivolousness of the claims asserted, and the Eleventh Circuit also

10

has denied at least one.[9]

Thus, Plaintiffs' claim under Title III of the ADA is frivolous and should be dismissed. See Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (affirming the district court's dismissal of plaintiff's case for lack of subject matter jurisdiction because the allegations of plaintiff's complaint were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"); Pratt v. Sumner, 807 F.2d 817, 819, internal quotations omitted (9th Cir. 1987) (recognizing that "dismissal for want of jurisdiction may occur, however, where a claim is wholly insubstantial and frivolous").[10]

Plaintiffs' ADA claim is the only claim over which Plaintiffs could argue the court has subject matter jurisdiction. See 28 U.S.C. § 1367(c). To exercise pendent jurisdiction over the remaining state law claims, the court must have an independent basis for federal

---

[9] In Petrano v. The Vessel Mistress, et. al., Plaintiffs have also sought in forma pauperis status. Defendant's opposition to that motion cites Petrano v. State of Florida, et. al., 03-CV-1746, in which five of Ms. Petrano's in forma pauperis requests were denied; Petrano v. Honorable Rodney May, 04-CV-2478, in which Mr. Petrano's in forma pauperis request was denied; and Petrano v. State of Florida, et. al, 04-16623-C, in which the Eleventh Circuit denied Ms. Petrano's in forma pauperis motion. The court has confirmed from a review of these filings that Plaintiffs' in forma pauperis applications in these cases were indeed denied on frivolousness grounds.

[10] Because the court lacks subject matter jurisdiction, there is no need to discuss whether Plaintiffs' Complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

11

subject matter jurisdiction.  <u>Faucher v. Rodziewicz</u>, 891 F.2d 864, 871 (11th Cir. 1990); <u>see</u> <u>also</u> <u>Boriboune v. Litscher</u>, 2003 WL 23208940 at * 4 (W.D. Wis. 2003) (dismissing state law claims because petitioner was denied leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on his federal law claims).  When all bases for federal jurisdiction have been eliminated from the case so that only the pendent state claims remain, the federal court ordinarily should dismiss the state claims.  <u>Faucher</u>, 891 F.2d at 871.  That is the situation here, and any claim under Florida law which the Complaint can be construed to assert will be dismissed for lack of subject matter jurisdiction.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff David Frank Petrano's **Motion for Leave to Proceed In Forma Pauperis** (Dkt. 2) and Plaintiff Mary Katherine Day-Petrano's accompanying **Affidavit of Indigency** (Dkt. 3) be **DENIED** and Plaintiffs' Complaint be dismissed under 28 U.S.C. § 1915(e)(2).

**DONE and ORDERED** in Tampa, Florida on this 2nd day of September, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C.  636(b)(1).