UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID F. PETRANO and MARY
KATHERINE DAY-PETRANO,

Plaintiffs,

vs.                                                                        Case No. 8:05-CV-1182-T-27EAJ

THERON HUTTO, individually and in his
capacity as substitute custodian of The Vessel
M/V "Mistress,"

Defendant.
_____/

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (Dkt. 16) recommending that Plaintiff David Frank Petrano's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2) and Plaintiff Mary Katherine Day-Petrano's accompanying Affidavit of Indigency (Dkt. 3) be denied and that Plaintiffs' Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiffs have filed Objections to the Report and Recommendation (Dkt. 28).

The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). This Court, having reviewed the Magistrate Judge's Report and Recommendation, independently examined the file, conducted a *de novo* determination of those portions of the Report and Recommendation objected to, and being otherwise fully advised, finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Plaintiffs' Objections are overruled. The Magistrate Judge's findings are supported by the record and her conclusions are not clearly erroneous or contrary to law.

1

Plaintiffs' objection to the Magistrate Judge's authority is frivolous. The district court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions inapplicable here. 28 U.S.C.§ 636(b)(1)(A). The district court may likewise "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the court proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B).

Plaintiffs' accusation that the Magistrate Judge engaged "in a form of conservative economic judicial activism" and their statement "Plaintiffs sincerely understand the difficulty some judicial staff may experience in comprehending the above area of jurisprudence" are equally frivolous and borderline sanctionable. Further, Plaintiffs' objection that the Magistrate Judge discriminated against them is another example of a baseless allegation of discrimination. These statements illustrate inappropriate vexatious litigation tactics employed by these Plaintiffs.  Similar tactics have been used by Plaintiffs in their underlying maritime salvage claim. *See David F. Petrano and Mary Katherine Day-Petrano v. The Vessel Mistress,* Case No.: 8:04-CV-02534-T-27EAJ. By virtue of their law degrees, and in the case of David Frank Petrano, his license to practice law, they know better than to include accusations and remarks such as these in their pleadings.

Notwithstanding their perceived unfair treatment, Plaintiffs' disabilities do not prevent them from ably litigating, if they choose to do so.  Their legal education should enable them to correctly evaluate the merits of any perceived mistreatment by others and to determine whether a viable cause of action can be asserted. In the instant case, they did not do so. Their claim is accordingly subject to dismissal. They do not have a right to pursue frivolous claims, engage in baseless and defamatory argument and unnecessarily burden the court and opposing parties. Neither do they have the right to lodge baseless accusations of discrimination against a judicial officer.

As the Magistrate Judge accurately observed, these Plaintiffs have "a long history of filing non-meritorious litigation in this judicial district" and have regularly been denied *in forma pauperis* status based on frivolous claims. The Magistrate Judge correctly found this action likewise to be frivolous. Regardless of Plaintiffs' financial circumstances, this lawsuit is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that the Report and Recommendation of the Magistrate Judge (Dkt. 16) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review. This case is **DISMISSED**. The Court will not reconsider this Order. All pending motions are **DENIED** as moot. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 20th day of April, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiffs David Petrano and Mary Katherine Day-Petrano
Theron Hutto