**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID F. PETRANO** and **MARY**
**KATHERINE DAY-PETRANO**,

      Plaintiffs,

vs.                                   **Case No. 8:05-CV-1182-T-27EAJ**

**THERON HUTTO,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Affidavit Accompanying Motion for Permission to Appeal In

Forma Pauperis, filed on June 12, 2006. (Dkt. 69). The court has construed this filing as a motion

for leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915. This matter has been referred

to the undersigned by the District Judge for consideration and a Report and Recommendation. See

28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

### A. Factual Background

Plaintiffs commenced this action for damages by alleging that Defendant: (1) violated the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; (2) violated Fla. Stat.

§ 415.1111, which provides a cause of action for "vulnerable adults" who are abused, neglected, or

exploited; (3) committed fraud in the inducement; and (4) breached his fiduciary duty as substitute

custodian of the Vessel Mistress, the vessel Plaintiffs caused to be arrested in their underlying

admiralty claim. See Petrano, et al. v. The Vessel Mistress, et al., Case No. 8:04-CV-2534-T-

27EAJ.

Plaintiffs sought to proceed in forma pauperis before the district court at the outset of the

case.  (Dkt. 2, 3).  Upon referral from the District Judge, the undersigned issued a Report and Recommendation and recommended that the motion be denied and Plaintiffs' case dismissed pursuant to 28 U.S.C. § 1915(e)(2).  (Dkt. 16).  After considering Plaintiffs' objections, the District Judge adopted the Report and Recommendations and dismissed the case.[1]  (Dkt. 63).  The District Judge found that Plaintiffs' claims were frivolous and thus subject to dismissal regardless of Plaintiffs' financial circumstances.  (Dkt. 63 at 3).

**B.  Legal Standards**

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted); see also Battle v. Central State Hospital, 898 F.2d 126, 127 (11th Cir. 1990).  A litigant need not be "absolutely destitute" to qualify for indigent status under § 1915.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citing Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)).  A trial court has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis.  Id. at 1306.  In civil cases for damages, as here, the court should grant the privilege of proceeding in forma pauperis "'sparingly.'"  Id. at 1306 (quoting Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975)).

In order to succeed on a motion to appeal in forma pauperis, a plaintiff must show a financial

---

[1]Therefore Fed.R.App.P. 24(a)(3)—which governs the continuation of a plaintiff's in forma pauperis status granted at the district court level for purposes of an appeal—is inapplicable to Plaintiff's current situation.

inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)).  An appeal on a matter of law is "frivolous" "where none of the legal points are arguable on their merits."  Neitzke, 490 U.S. at 325 (internal quotation and citation omitted).  Factual allegations are considered frivolous when they are "clearly baseless"; legal theories are frivolous when they are "indisputably meritless."  Battle, 898 F.2d at 129 (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### C.  Discussion

The undersigned will first evaluate whether Plaintiff's arguments on appeal are frivolous. The undersigned previously addressed the merits of Plaintiffs' claims in a 13-page Report and Recommendation when considering Plaintiffs' request to proceed in forma pauperis at the district court level.  (Dkt. 16).  In that context, the undersigned recognized that the only cause of action in this case over which the court has original jurisdiction is Plaintiffs' claim brought under the ADA. Id. at 9.  However, Plaintiff's ADA claim does not have an arguable basis in law or fact because Plaintiff does not allege any facts that indicate the vessel at issue or the private dock to which it was moored qualifies as a "public accommodation" that would be governed by the ADA.  Id. at 10.  The undersigned also considered Plaintiffs' history of filing non-meritorious litigation in the Middle District of Florida.   Id. at 10-11.  Since the court did not have subject-matter jurisdiction over Plaintiffs' remaining claims, the undersigned recommended dismissal.  Id. at 12.  As noted above, the District Judge adopted that recommendation and dismissed Plaintiffs' claims as frivolous under 42 U.S.C. § 1915(c).  (Dkt. 63).

In their notice of appeal, Plaintiffs present nine discernable arguments.  For the reasons that follow, none of Plaintiffs' arguments could be described as "reasoned and non-frivolous."  First, Plaintiffs contend that matters arising in their motion to proceed in forma pauperis were also addressed in Plaintiffs' later-filed motion for partial summary judgment (Dkt. 34), thus the district court was required to first address the motion for summary judgment.  (Dkt. 64 at 2).  This assertion is incorrect; the district court may rule on a motion to proceed in forma pauperis before deciding a motion for summary judgment.

Second, Plaintiffs assert that the court's final order of dismissal (Dkt. 63) was converted to a summary judgment ruling when the court advised Defendant of the provisions of Federal Rule of Civil Procedure 56 (Dkt. 55).  (Dkt. 64 at 2).  Plaintiffs misinterpret the effect of advising Defendant of his evidentiary burden of proof in responding to a motion for summary judgment.  Advising a defendant of the provisions of Rule 56 does not affect the in forma pauperis determination under 28 U.S.C. § 1915, nor does it broaden the scope of such a determination to a summary judgment-like procedure.  Plaintiffs also argue in conjunction with this argument that the district court's final order of dismissal was not authorized by the court's case management report.  Plaintiffs are ostensibly referring to paragraph seven of the March 10, 2006 case management report (Dkt. 56), which governs procedures for summary judgment motions.  The case management procedures regarding summary judgment motions have no relation to the in forma pauperis determination on which the district court dismissed Plaintiffs' claims.  These procedures certainly do not bar a District Judge from taking further action on a Magistrate Judge's Report and Recommendation concerning an unrelated motion.

Third, Plaintiffs maintain that the District Judge did not make adequate findings that

4

Plaintiffs' challenges of the Magistrate Judge's authority were frivolous. (Dkt. 64 at 2). To the contrary, the District Judge succinctly yet completely found Plaintiffs' objections in this vein frivolous by simply reciting the statute regarding Magistrate Judges' authority, 28 U.S.C. §§ 636(b)(1)(A)-(B). (Dkt. 63 at 2). As the issuance of a Report and Recommendation on a dispositive matter falls squarely within the authority granted by statute, the District Judge made adequate findings that Plaintiffs' challenge to this authority was frivolous. For Plaintiffs to argue otherwise is without merit.

Fourth, Plaintiffs urge that the District Judge did not give them notice or a meaningful opportunity to prepare a defense. (Dkt. 64 at 3). Plaintiffs do not provide any relevant legal authority for the proposition that, as in forma pauperis movants, they have the right to "prepare a defense" before the district court rules on the in forma pauperis motion. The caselaw Plaintiffs present to support this contention concerns court-imposed attorney discipline and is inapplicable to the 28 U.S.C. § 1915 inquiry.

Fifth, Plaintiffs argue that the order of dismissal fails to consider Plaintiffs' "interaction of disabilities" and to reasonably accommodate for those disabilities. (Dkt. 64 at 4-5). In his order of dismissal, the District Judge adopted the undersigned's finding that Plaintiffs did not allege any facts that indicated the vessel or dock at issue were "public accommodations," therefore were not subject to the ADA. After adopting this finding, the District Judge dismissed Plaintiffs' claims as frivolous without reaching the question of Plaintiffs' disabilities. In this case, the in forma pauperis evaluation of the frivolousness of Plaintiffs' claims is established on the basis of the allegations; consideration of Plaintiffs' disabilities is not relevant to the determination. Plaintiffs' argument to this extent on appeal is frivolous.

Sixth, Plaintiffs dispute the District Judge's finding frivolous Plaintiffs' argument that Martinez v. Kristi Kleaners, Inc., 364 F.2d 1305 (11th Cir. 2004), mandates consideration of Titles I and II of the ADA in evaluating Plaintiffs' ability to earn income. (Dkt. 64 at 6). In fact, the District Judge did not refer to this argument as "frivolous" and "borderline sanctionable," as Plaintiffs suggest. Rather, the District Judge stated, "Plaintiffs' accusation that the Magistrate Judge engaged 'in a form of conservative economic judicial activism' and their statement 'Plaintiffs sincerely understand the difficulty some judicial staff may experience in comprehending the above area of jurisprudence' are . . . frivolous and borderline sanctionable." (Dkt. 63 at 2). Plaintiffs argument here that the District Judge improperly characterized their legal argument is baseless.

Seventh, Plaintiffs appeal the district court's finding of frivolous Plaintiffs' argument that the Federal Courts are not sufficiently funded to retain staff that are experienced in admiralty law. (Dkt. 64 at 6). This argument is wholly irrelevant to the district court's rationale for dismissal as discussed above and is therefore a frivolous argument on appeal.

Eighth, Plaintiffs object to the district court's orders striking various documents and admonishing Plaintiffs and argue that such orders were motivated by an intent to bar the Eleventh Circuit Court of Appeals from reviewing the significant issues in the case. (Dkt. 64 at 7-8). The District Judge struck Plaintiff's objections to the initial Report and Recommendation for excessive length in violation of the Local Rules (Dkt. 20)[2], Plaintiffs' unilateral case management report that did not comply with Local Rule 3.05(c)(2) (Dkt. 38), Plaintiffs' notice/response to the court's show cause order directed to Defendant as improper under Local Rule 3.01 (Dkt. 43), and Plaintiffs'

---

[2]Plaintiffs later filed objections which complied with the Middle District of Florida's page-length limitations. (Dkt. 28).

motion for reconsideration that included "redundant, immaterial, irrelevant, and impertinent information" which the court had previously warned Plaintiffs would be stricken if included in filings (Dkt. 60).  Plaintiffs also protest two show cause orders issued by the District Judge: why sanctions should not be imposed for failing to file a case management report within the time allotted by Local Rule 3.05 (Dkt. 30), and later why Defendant failed to comply with the court's previous order (Dkt. 39).  The District Judge properly struck each of the filings Plaintiffs list and gave ample reason for doing so in each order.  The show cause orders issued are well within the bounds of judicial discretion in case management.  Regardless, none of them had any effect whatsoever on the outcome of Plaintiffs' case as they do not affect the in forma pauperis evaluation of frivolousness. Plaintiffs' eighth argument on appeal is patently without merit.

Ninth, Plaintiffs state that the district court's dismissal of this case was based on Plaintiffs' actions in their related case Petrano, et al. v. The Vessel Mistress, et al., Case No. 8:04-CV-2534-T-27EAJ.  (Dkt. 64 at 8).  Plaintiffs also claim the district court threatened Plaintiff Day-Petrano's bar admission and Plaintiff Petrano's law license.  Id.  Both of these assertions are unfounded and not arguable on their merits.  In dismissing the case, the District Judge adopted the findings and conclusions contained in the initial Report and Recommendation, including the finding that Plaintiffs did not allege facts regarding the vessel or dock that would substantiate Plaintiffs' claim under the ADA. The District Judge then addressed Plaintiffs' objections, including Plaintiffs' suggestion that the Magistrate Judge discriminated against them.  (Dkt. 63 at 2).  The District Judge noted that Plaintiffs have used similar "vexatious litigation tactics" in Petrano, et al. v. The Vessel Mistress, et al. and admonished Plaintiffs that because of their legal education, they "know better" than to include these types of accusations in their filings.  Id.  The order of dismissal did not discuss any of

7

Plaintiffs' actions in <u>Petrano, et al. v. The Vessel Mistress, et al.</u>, nor did it discuss taking any type of action regarding Plaintiff Day-Petrano's bar admission or Plaintiff Petrano's law license. Plaintiffs arguments to the contrary are clearly baseless and not arguable on their merits.

Upon consideration of the forgoing, the undersigned recommends that Plaintiffs' motion to appeal <u>in forma pauperis</u> be denied as Plaintiffs' arguments are based on indisputably meritless legal theory.[3]

Accordingly and upon consideration, it is **RECOMMENDED** that:

1)      Plaintiffs' Motion for Permission to Appeal In Forma Pauperis (Dkt. 69) be **DENIED**.

**Dated: July 21, 2006**

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiffs
Pro se Defendant
District Judge

---

[3]Because Plaintiffs have not shown the presence of non-frivolous argument, it is unnecessary to reach the issue of Plaintiffs' financial ability to pay the requisite filing fees.